■ In the Matter of the Arbitration between TUNIS MANUFACTURING CORP., Appellant, and MYSTIC MILLS, INC., Respondent.— Judgment, Supreme Court, New York County, entered July 31, 1972, denying petitioner's motion to stay arbitration, unanimously reversed, on the law, the motion granted and arbitration stayed. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Petitioner bought certain goods from respondent Mystic Mills, Inc. (Mystic) pursuant to written purchase orders. The orders contained a provision for unilateral arbitration, that is, petitioner only was entitled to seek arbitration. As the petitioner is not seeking to arbitrate, the validity of this provision is not in issue and the orders are to be considered as if no provision for arbitration was contracted for (*Matter of Kaye Knitting Mills* [*Prime Yarn Co.*], 37 A D 2d 951). The orders also contained a provision that no change in the orders could be effected except by a writing signed by petitioner. Thereafter respondent Mystic shipped the goods and sent invoices containing an arbitration clause. Petitioner was requested to sign the invoices but refused.

Accordingly it appears that the purchase order expressly limited acceptance to the terms of the offer, and the additional term contained in the invoices was ineffective (Uniform Commercial Code, § 2–207, subd. [2], par. [a]). Mystic also sought to arbitrate certain shipments made to petitioner by a firm called Siroty Mills. However, no assignment from Siroty Mills to respondent appears in the record and there is no proof as to how these purchases originated or how Mystic became entitled to enforce a claim against petitioner in regard to them. Concur — Markewich, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.